IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00348-MR

| | |
|---|---|
| **JONATHAN DANIEL PIPPINGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **BUNCOMBE COUNTY GOVERNMENT** ) | |
| **EMPLOYEES, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff, a pretrial detainee[1] at the Buncombe County Detention Center (BCDC), filed this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] The Plaintiff names as Defendants:

---

[1] The Plaintiff describes himself as a "civilly committed detainee" who is "illegally detained due to permanent standing orders." [Doc. 1 at 4]. However, the dockets in Buncombe County Superior Court Case Nos. 22CRS285214, -219, -230 reveal that the Plaintiff is facing charges including robbery with a dangerous weapon, common law robbery, and assault with a deadly weapon on a government official. See Fed. R. Ev. 201.

[2] The Plaintiff has filed a similar § 1983/Bivens action in this Court, Case No. 1:23-cv-355-MR.

"Buncombe County Government Employees;" "D.A.;" "Buncombe County Jail Classification;" "Central Medical Industries & Medidex;" and Dynamic Mobile Imaging. [Doc. 1 at 1-3]. The Plaintiff purports to assert claims for:

> § 1. The equality and rights of persons. Asked for law liberary access & this is what happened retaliation. § 37. Rights of victims of crime. § 36. Other rights of the people. NO access to law library – denied grievance. Illegal mental evaluation.
> …
> § 19. Law of the land; equal protection of the laws. Evaluation for mental health. No proof. Threats to be nuttered which means they squeeze your nuts & FBI have records of this happening to me in 2017. Targeted individual for electronic gang stalking attempted murder electronic gangstalking.

[Id. at 3] (errors uncorrected).

The Plaintiff describes the facts underlying his claims as follows:

> 2021 & 2023 they put chips in my head that constantly make noise like they did in 2017 they put the known Buncombe County 'Tooth' back in. my back has been dioded. They play with parallel air in cell. They use speakers as weapons. Witness's 2017 & 2019 are below. The Central Intelligence Agency and Federal Protective Custody.

[Id. at 5] (errors uncorrected). For injury, the Plaintiff claims:

> My nuts have been grabbed and squeezed in medical room 3rd floor. Punishment for refusal. I've been tazed in back for refusel. FBI & CIA took case 2017 & 2019. I've died and they have had to use VED to bring me back to likfe due to officers electronic gangstalking. I've a known targeted individual by the FBI & CIA for Buncombe County officers to target as a hobby & classification stabbed me multiple times by officers, illegal shock therapy, nuts removed.

[Id.] (errors uncorrected). The Plaintiff appears to seek damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001).

The Plaintiff's allegations are vague, conclusory, and devoid of factual allegations. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader

must allege facts, directly or indirectly, that support each element of the claim). The allegations are also so outlandish and unmoored from reality that the Court is unable to discern any potentially plausible claim under § 1983 or Bivens. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), abrogated on other grounds by Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). Accordingly, the Complaint fails initial review as frivolous and for failure to state a claim upon which relief can be granted.

### IV.  CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the

Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**The Plaintiff is cautioned that any further frivolous filings may result in the imposition of sanctions, including a prefiling injunction.**

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge